# Third District Court of Appeal
## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-2098
Lower Tribunal No. 20-17562

————————————

**Saks Fifth Avenue LLC,**
Appellant,

vs.

**Bal Harbour Shops, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Weil, Gotshal & Manges LLP, and Edward Soto and Brian G. Liegel; Brown Robert, LLP, and Seth P. Robert (Fort Lauderdale); Vinson & Elkins LLP, and Matthew R. Friedenberg (New York, NY), for appellant.

Katz Barron, and H. Eugene Lindsey, III, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

SCALES, J.

Appellant Saks Fifth Avenue LLC, the defendant below ("Tenant"), a commercial tenant of appellee Bal Harbour Shops, LLC, the plaintiff below ("Landlord"), challenges a November 30, 2022 non-final order denying Tenant's motion to compel arbitration.[1] After Landlord sued Tenant in Miami-Dade County Circuit Court seeking, among other remedies, rent payments that Landlord alleged were due, Tenant: (i) relying on language in the parties' original 1974 lease agreement (the "Lease"), filed a demand for arbitration with the American Arbitration Association;[2] (ii) removed the case to the federal district court for the Southern District of Florida; and (iii) filed in the federal court a motion to compel arbitration.

The federal district court judge denied Tenant's motion to compel arbitration, and Tenant appealed to the Eleventh Circuit Court of Appeals. The federal appellate court, though, did not reach the issue of whether the district court judge had erred in denying Tenant's motion, instead making a limited remand to the district court for a determination of whether diversity

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . determine . . . the entitlement of a party to arbitration.").

[2] The Lease provides that, in the event of a Lease dispute that is not resolved by the parties after notice, *either* party may refer the matter to arbitration. The Lease further provides: "Any such dispute shall be settled by arbitration in Dade County, Florida, in accordance with the rules then obtaining of the American Arbitration Association . . . ."

jurisdiction existed in the federal court. See 28 U.S.C. § 1332 (2022). Finding no diversity jurisdiction, the federal district court remanded the case to the state circuit court and, in the process, vacated its order denying Tenant's motion to compel arbitration. Bal Harbour Shops, LLC v. Saks Fifth Ave. LLC, No. 1:20-cv-23504, 2022 WL 17733824 (S.D. Fla. Dec. 9, 2022).

With the case now back in state court, Tenant once again filed a motion to compel arbitration. Landlord opposed Tenant's motion, arguing, as it had in federal court, that language contained in a 2018 Amendment to the Lease – requiring *both* parties to consent to arbitration – superseded the arbitration provision contained in the Lease that allowed *either* party to have a dispute arbitrated.  In relevant part, this provision reads as follows:

> 9. REMEDIES:  . . .  [I]f either Landlord or Tenant violate any obligation . . . under the Lease, as modified hereby, then *notwithstanding anything contained in the Lease*, the other party shall be entitled to all remedies available under the Lease and in law or equity including, without limitation, the right to bring an action for money damages arising out of such breach. If both parties agree to arbitrate a dispute, they may mutually agree to binding arbitration as otherwise set forth in the Lease. Unless initiated pursuant to Section 6(A)vii in connection with a Protected Areas Dispute, arbitration shall not be required.

(Emphasis added).

After conducting a November 14, 2022 hearing on Tenant's motion to compel arbitration, the trial court construed the relevant arbitration provisions, and entered the challenged order denying Tenant's motion.

3

We review *de novo* a trial court's order denying a motion to compel arbitration. 1906 Collins LLC v. Romero, 346 So. 3d 1262, 1264 (Fla. 3d DCA 2022). In our *de novo* review, we interpret the contractual language of the relevant arbitration provisions to determine whether the parties agreed to arbitrate the matter in dispute. Id. at 1265. The plain language of the 2018 Amendment makes clear that the parties intended to replace the arbitration provision contained in the Lease with the provision, quoted above, that requires the parties' mutual assent to arbitration. This provision of the 2018 Amendment also makes clear that it supersedes any contrary language contained in the Lease.

We, therefore, affirm the trial court's November 30, 2022 order denying Tenant's motion to compel arbitration.

Affirmed.